O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN McBEE, | ) | CASE NO. ED CV 08-05319 (RZ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

         Plaintiff Martin Alan McBee seeks review of the Commissioner's decision denying his application for disability benefits under Titles II and XVI of the Social Security Act. At his administrative hearing, the Administrative Law Judge proposed settling the matter by finding only a closed period of disability for the period between September 1, 2000 and April 30, 2003, and a finding of non-disability thereafter. [AR 42] Plaintiff agreed to the Administrative Law Judge's offer [AR 45], and accordingly the Administrative Law Judge closed the hearing. [AR 46] The Administrative Law Judge later had second thoughts, however. Since Plaintiff had filed his application in November 2006, Plaintiff could not recover benefits under Title XVI, because such benefits can only be paid from and after the date of the application. 20 C.F.R. §§ 416.202 and 416.501. Likewise, Plaintiff could not recover benefits for the closed period under Title II, because the disability must have been in existence within twelve months prior to the time of the

1 application 20 C.F.R. § 404.315(a)(3), and a disability which ended in 2003 was not in
2 existence within the twelve months prior to the application in November 2006.
3 Recognizing the conundrum in which he had mistakenly placed Plaintiff, the
4 Administrative Law Judge, in his written decision, "rejected" the stipulation that he had
5 proposed to Plaintiff and that Plaintiff had accepted, and proceeded instead to adjudicate
6 the application. [AR 10]

7 In this Court, Plaintiff does not challenge this procedure as having created any
8 irregularity. At the time the Administrative Law Judge proposed the stipulation, Plaintiff
9 already had completed his own testimony. It is not clear whether further testimony would
10 have been taken from the two medical experts, although at least the testimony of one of
11 them had concluded, and that of the other perhaps also had concluded. Under this state of
12 the record, and given the fact that in this Court Plaintiff does not challenge the proceedings
13 concerning the stipulation, the Court instead focuses only on the specific claims Plaintiff
14 now asserts.

15 Plaintiff first asserts that the Administrative Law Judge did not consider the
16 finding of the state agency physician that Plaintiff was moderately limited in his ability to
17 understand, remember, and carry out detailed instructions. (Plaintiff's Memorandum in
18 Support of Complaint at 2.) While the Administrative Law Judge did not specifically
19 reference this particular item on the form by the state agency physician, he did consider the
20 findings of the physician [AR 13-14]. Moreover, he relied on the report of a consultant
21 who actually had examined Plaintiff, as well as the testimony of the medical expert at the
22 administrative hearing. [AR 13-15] This was sufficient evidence to support his finding
23 that Plaintiff was not disabled after 2003. *See Holohan v. Massanari*, 246 F.3d 1195,
24 1201-03 (9th Cir. 2001) (explaining hierarchy of deference accorded to different kinds of
25 physician opinion).

26 Plaintiff next argues that the Administrative Law Judge failed to develop the
27 record properly because he did not explore a statement in the consulting psychiatrist's
28 report that Plaintiff stated that he had been seeing a therapist, Fred Potter, on a regular

1 basis. (Plaintiff's Memorandum at 3, citing AR 224.)  Plaintiff also says that the
2 Administrative Law Judge "erroneously alleged that the record revealed a 'complete lack
3 of psychiatric care over the last nearly five years.' [AR 18]" (Plaintiff's Memorandum at
4 3.)  The Court disagrees.

According to the consulting psychiatrist:

> The claimant was hospitalized in a psychiatric hospital in the year 2000. Other than what is stated above, the claimant denied seeing any previous psychiatrist or receiving any psychiatric treatment in terms of psychiatric medications or psychotherapy.

[AR 222]

Further, the consultant reported:

> This is a claimant who has had depressive and anxious symptoms for the past few years. His symptoms started after he stopped using alcohol and heroin.  He attends Narcotics Anonymous meetings to keep sober.  He has been seeing a therapist, Fred Potter, on a regular basis.  He reports that the individual counseling has been helping him.  He is not seeing a psychiatrist and is not taking psychiatric medications. . . .

[AR 224]  These portions of the report make clear that the Administrative Law Judge correctly stated that Plaintiff had not been receiving psychiatric care, for that evidently is what Plaintiff told the consultant.  He also appeared to tell the consultant that he was not receiving psychotherapy, a broader category of therapy.  Under those circumstances, perhaps the reference to Mr. Potter was a reference to some sort of adjunct to the Narcotics Anonymous attendance — perhaps something to reinforce the impact of those meetings.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff makes no suggestion to this Court of what a further development of the record would indicate; although *he* obviously knew of Mr. Potter, he provided no records from him, and makes no proffer to this Court. Based on a review of the records which *were* submitted — and Plaintiff had ample opportunity to submit records — the medical expert opined that Plaintiff had not been disabled since 2003. [AR 40] The Administrative Law Judge correctly stated that Plaintiff had not received psychiatric care since that time. Under the circumstances, there was no error in not seeking to develop the record further.

Plaintiff's third argument is that the Administrative Law Judge did not consider his credibility properly. Plaintiff faults the Administrative Law Judge for concluding that it is not credible for Plaintiff to have said that he could not find a "free" doctor to treat his psychiatric symptoms. (Plaintiff's Memorandum at 5.) Yet, the Administrative Law Judge did just what Plaintiff says he should have. He identified the testimony he found to be not credible, and he explained why in specific and cogent terms. The fact that a person with education and experience in the very field of counseling that is involved would not know the services available for persons of limited means is, in fact, not credible — or at least the Administrative Law Judge was well within his authority in deciding that to be so. *See generally Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Last, Plaintiff asserts that the Administrative law Judge failed to consider properly the lay witness testimony. Again, however, the Administrative Law Judge did what the law requires. *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). He identified the statement of the lay witness, and gave several reasons why he did not find it persuasive. Plaintiff supposedly had a hard time hearing, but was able to hear at a distance, without wearing his hearing aids, during the administrative hearing. Plaintiff socialized with friends; and, although he supposedly had severe psychiatric symptoms, he could care for

himself and for the witness, who later became his wife, and he had not sought psychiatric care for five years. [AR 18]  All these were specific and legitimate reasons for not accepting the witness' characterization of Plaintiff's limitations. *Greger v. Barnhart*, 464F.3d 968 (9th Cir. 2006).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: June 25, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE